1  Bingham McCutchen LLP
   MICHAEL A. SHERMAN (SBN 94783)
2  WILLIAM F. GOVIER (SBN 262810)
   JOSH HOLT (SBN 261468)
3  355 South Grand Avenue, Suite 4400
   Los Angeles, CA 90071-3106
4  Telephone: 213.680.6400
   Facsimile: 213.680.6499
5  Email:   michael.sherman@bingham.com
            william.govier@bingham.com
6
7  Attorneys for Plaintiffs,
   Melanie Coto, Tele-Interpreters On Call, Inc., and
   Sycamore Services, LLC
8
9              UNITED STATES BANKRUPTCY COURT
10             CENTRAL DISTRICT OF CALIFORNIA
11             LOS ANGELES DIVISION
12
13 | In re                                      | Case No. 2:10-bk-43715-ER
14 | Ricky Wayne Stockon, aka Rick W Stockton and | Adv. No. _____
   | Rick Stockton,                             |
15 |                                            | Chapter 7
   |                    Debtor,                 |
16 |--------------------------------------------| ADVERSARY COMPLAINT TO
17 | Melanie Coto, Tele-Interpreters On Call, Inc., and | DETERMINE NONDISCHARGE-
   | Sycamore Services, LLC,                    | ABILITY OF DEBT
18 |                                            | [11 U.S.C. §§ 523(a)(2)(A), (4) and (6)]
   |                    Plaintiffs,             |
19 |                                            |
   |            vs.                             |
20 | Ricky Wayne Stockon, aka Rick W Stockton and |
   | Rick Stockton,                             |
21 |                                            |
   |                    Defendant.              |
22
23         Plaintiffs, Melanie Coto, an individual, Tele-Interpreters On Call, Inc. ("Tele")

24  and Sycamore Services, LLC ("Sycamore"), (collectively, the "Plaintiffs"), assert and allege as

25  follows:

26                    **JURISDICTION AND VENUE**

27         1.     This action qualifies as a core proceeding under 28 U.S.C. § 157(b)(2)(I)

28  and (J).

---

ADVERSARY COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT

A/73529344.3

2.      The Bankruptcy Court may hear and determine all cases under Title 11 and all core proceedings arising under exceptions to, and denial of, discharge under 11 U.S.C. §§ 523(a)(2)(A), (4) and (6), and may enter appropriate order and judgments, subject to review under 11 U.S.C. § 158.

3.      Venue is Proper in this judicial district in that this adversary proceeding arises from the Debtor's Chapter 7 Case, Case No. 2:10-bk-43715-ER, now pending before this court.

## PARTIES

4.      At all times relevant hereto, Plaintiff Melanie Coto was and is a resident of Los Angeles County, California.

5.      At all times relevant hereto, Plaintiff Tele-Interpreters On Call, Inc. ("Tele") is and was a California corporation in good standing.

6.      At all times relevant hereto, Plaintiff Sycamore Services, LLC ("Sycamore") is and was a California limited liability company in good standing.

7.      At times relevant hereto, Plaintiffs are informed and believe and on that basis allege that Defendant Ricky Wayne Stockon, aka Rick W Stockton and Rick Stockton (the "Debtor" or the "Defendant"), was a resident of Los Angeles County, California and is a Debtor in the Chapter 7 Case described above.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A.**    **General Procedural Background**

8.      On April 24, 2008, the Plaintiffs had commenced arbitration against the Debtor before the American Arbitration Association seeking to rescind a certain operating agreement over Plaintiff Sycamore (the "Operating Agreement"), asserting claims for declaratory relief and fraudulent inducement against the Debtor in connection with his membership interests in Sycamore (the "Membership Interests").

/ / /

/ / /

/ / /

A/73529344.3

1          9.      On July 28, 2008, the Plaintiffs filed a complaint in Los Angeles Superior

2   Court seeking rescission of two stock grants made by the Plaintiffs to the Debtor in 2001 and

3   2003 (the "2001 equity grant" and "2003 equity grant", respectively, and, collectively with the

4   Membership Interests, the "Equity Grants"), and asserted seven causes of action against the

5   Debtor: (1) fraud in the inducement, (2) fraud (intentional misrepresentation), (3) fraud

6   (negligent misrepresentation), (4) concealment, (5) unjust enrichment, (6) conversion and

7   (7) breach of fiduciary duty (the "Superior Court Action").

8          10.      Following entry of an order in the Superior Court Action compelling

9   arbitration of the claims asserted therein, Plaintiffs commenced prosecuting all claims involving

10   the Equity Grants before the American Arbitration Association, and then subsequently the

11   Debtor and the Plaintiffs agreed to transfer the matter to a duly selected arbitrator from Judicial

12   Arbitration & Mediation Services ("JAMS"), the Honorable Judge George Schiavelli, United

13   Stated District Judge (Ret.) (the "Arbitrator"), who was duly appointed as arbitrator on April 27,

14   2009 in the case captioned before JAMS as Case No. 1220039733, *Coto, et al. v. Rick Stockton*

15   (the "Arbitration").

16          11.      On August 6, 2010, Judge Schiavelli issued his award (the "Arbitration

17   Award") that (a) found in favor of the Plaintiffs on their claims for fraudulent inducement,

18   fraudulent concealment, breach of confidential relationship, and undue influence, (b) ordered

19   rescission of the Stock Grants and the Operating Agreement, and (c) denied all of the Debtor's

20   counter-claims.  A true and correct copy of the Arbitration Award is attached hereto as Exhibit A

21   and incorporated herein by reference, and Plaintiffs' claims for nondischargeability, including,

22   without limitation, the claims under 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6) detailed herein,

23   arise out of and are based upon the Arbitration Award.  Under principles of *res*

24   *judicata*/collateral estoppel, the Debtor is barred from re-litigating the findings of fact and

25   conclusions of law determined in the Arbitration Award.

26   / / /

27   / / /

28   / / /

ADVERSARY COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT

A/73529344.3

1

**FIRST CLAIM FOR RELIEF**

2

**FOR NONDISCHARGEABILITY OF DEBT - FOR MONEY**

3

**. . . TO THE EXTENT OBTAINED BY FALSE PRETENSES,**

4

**FALSE REPRESENTATIONS AND ACTUAL FRAUD**

5

**(11 U.S.C. § 523(a)(2)(A))**

6

**(All Plaintiffs as Against the Defendant)**

7

12.    The Plaintiffs incorporate by reference paragraphs 1-11 above as if fully

8

set forth herein, including, specifically, the Arbitration Award.

9

13.    The Debtor, in order to obtain monies and property from the Plaintiffs,

10

made materially false written and oral representations, through actual misrepresentations and

11

omissions.  The monies and property taken by the Debtor, including, without limitation, the

12

Equity Grants, as stated herein by reference to the Arbitration Award, were obtained by the

13

Debtor under false pretenses and are the direct and proximate result of the Debtor knowingly and

14

intentionally making the false statements and omissions described herein, with the intent on the

15

part of the Defendant that those statements and actions be understood by the persons to whom

16

such statements were made, to be true, and with the intent on the part of the Defendant to induce

17

the persons to whom the statements were made and the actions were taken, to act.

18

14.    The materially false written and oral representations, made by the Debtor

19

through actual misrepresentations and omissions, included the following:

20

A.    From April 2001 through December 3, 2001, the Debtor made the

21

following affirmative material misrepresentations to Ms. Coto and Tele, which not only caused

22

the 2001 equity grant but also caused the 2003 equity grant and the Operating Agreement:

23

1.    Debtor represented that he graduated from the University of

24

Oklahoma with degrees in finance and psychology.

25

2.    Debtor repeatedly represented his history as a successful

26

businessman, beginning with what Debtor had represented at his first two job interviews and in

27

his resume about his "impressive" business background.

28

ADVERSARY COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT

4

A/73529344.3

3.      Debtor represented that he had been a successful investment banker, had worked at Bear Stearns on Wall Street for many years, and had successfully operated an investment banking firm in Oklahoma called Stockton, Hart, Johnston, Wichert & Co. ("Stockton Hart").

4.      Debtor represented that his tenure as President of IDN, a telecom company established by the Debtor, was a success, and that he had built IDN into a large company with 100 employees, and ultimately sold IDN at a very high price.

5.      Debtor represented he had been in charge of the mergers and acquisitions for MGM/Polygram and had done acquisitions.

6.      Debtor represented he had contacts on Wall Street and he could bring money into Tele with literally one phone call.

7.      Debtor represented that his real expertise was finance and that was his most valuable skill which he could contribute to the company, and that he had spent approximately 15 years in high finance.

8.      Debtor represented that he was approached by a group in or about November 2001 with a very lucrative offer and that he may leave Tele unless he received security in the form of Tele equity.

B.      In addition to his continuing affirmative misrepresentations described above and never corrected, Debtor made additional misrepresentations to Ms. Coto and Tele after he received the 2001 equity grant in order to induce the 2003 equity grant.  These also acted to induce the Operating Agreement approximately a year and half later:

1.      Debtor represented he had developed his own proprietary pitchbook as a result of his investment banking experiences, that it was very valuable, and that it would enable Tele (and later Sycamore) to achieve great profits.

2.      Debtor represented his money management skills extended to managing money for an Oklahoma oil tycoon, J. Walter Duncan.

3.      Debtor represented a form of "confession" that he had taken the fall for twin brokers who worked for him at Stockton Hart, he had made restitution to

ADVERSARY COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT

5

A/73529344.3

1  the investors who lost their money and then he voluntarily closed the firm.

2            4.    Debtor represented he could serve as Tele's (and later

3  Sycamore's) investment banker in making acquisitions and had unique Wall Street strategies he

4  would use to the companies' benefit in making acquisitions.

5            5.    Debtor represented he told Ms. Coto he was looking out for

6  her best interests and that is why he proposed buying her company and quitclaiming half of it

7  back to her.

8            C.    <u>Even after receiving the 2003 equity grant, the Debtor continued to</u>

9  <u>make additional, newer misrepresentations to Ms. Coto, both individually and on behalf of Tele</u>

10  <u>and the in-formation Sycamore, to induce the Operating Agreement - these in addition to the</u>

11  <u>ones already noted, many of which the Debtor continued making from time to time as</u>

12  <u>circumstances changed:</u>

13            1.    Debtor represented he possessed extraordinary and unique

14  skills, experience and strategies to make acquisitions and create a multi-billion dollar holding

15  company.

16            D.    <u>In addition to the foregoing affirmative misrepresentations</u>

17  <u>constituting actionable concealments, and vice-versa, e.g., that Debtor never graduated college,</u>

18  <u>never trained or worked as an investment banker (not at Bear Stearns and not elsewhere), his</u>

19  <u>Oklahoma business ventures were failures as was IDN and its resulting bankruptcy, he had no</u>

20  <u>credentials in finance, etc., there are additional other fraudulent concealments, including the</u>

21  <u>following</u>:

22            1.    Debtor concealed the poor performance of Tele's sales

23  department in originating new sales.  Beginning not later than 2004, Debtor successfully

24  concealed from Ms. Coto that Tele's sales department was broken.

25            2.    Despite Debtor's repeated representations about his history

26  as a successful businessman, Debtor actively concealed his repeated pattern and history of

27  plagiarism to Ms. Coto and multiple employees of Tele.

28

---

ADVERSARY COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT

A/73529344.3

3.      Debtor concealed that during the time of his supposedly successful career in finance and money management in Oklahoma, he sought out and managed money for a Hispanic/Native American quadriplegic named Rocky Romero, that Mr. Romero lost all of his investment with Debtor's company in an instance where admittedly false financial statements had been sent to Mr. Romero, that Mr. Romero subsequently filed a fraud/breach of fiduciary lawsuit against Debtor seeking millions of dollars in damages in an instance where Debtor did not defend against Mr. Romero's claims and permitted a judgment to be entered against him for over $17 million that remains unpaid.

4.      Debtor concealed that during the same time that he was allegedly engaged in his successful Oklahoma finance business, his customers included a Native American Mennonite church as well as a number of individual investors who had also lost all their investments with Debtor's companies, in instances where false financial information had also been sent to them.

5.      Debtor concealed that as a result of the activities involving Mr. Romero, he had been banned by the NASD, and that it was those issues that resulted in his having been terminated by Morgan Stanley just weeks before interviewing at Tele.

6.      Debtor declared personal bankruptcy in 1995, or someone else did so at his request/on his behalf.

15.     As a result of the aforementioned false statements, misrepresentations and fraudulent acts of the Defendant, including the omissions to the Plaintiffs, the Defendant was able to, among other things, acquire the Equity Grants.

16.     The Plaintiffs all justifiably acted in reliance upon the truth of the Defendant's representations, acts and omissions as described herein.

17.     As a result of said reliance upon the truth of the Defendant's representations, acts and omissions, the Plaintiffs have suffered damages in an amount proved in the Arbitration, including, without limitation, punitive damages and attorneys' fees awards as may be determined and awarded in the Arbitration, and to be included within Plaintiffs' claim in the Debtor's bankruptcy.  Plaintiffs' additional damages consist of amounts of salary and

ADVERSARY COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT

7

A/73529344.3

1    distributions paid to the Debtor where the Arbitrator found that Debtor was both "grossly

2    overpaid for his purported 'labor'" in instances where the Debtor "did not add value to Tele."

3    Award, p. 17.

4            18.    Based upon the foregoing, the Defendant has engaged in acts recognized

5    as nondischargeable under 11 U.S.C. § 523(a)(2)(A) by obtaining money and property of the

6    Plaintiffs, including, without limitation, the Equity Grants, under the false pretense that he was

7    entitled to them and as the direct result of misrepresentations and fraud.

8    **<u>SECOND CLAIM FOR RELIEF</u>**

9    **FOR NONDISCHARGEABILITY OF DEBT - FRAUD OR**

10   **DEFALCATION WHILE ACTING IN A FIDUCIARY**

11   **CAPACITY, EMBEZZLEMENT, OR LARCENY**

12   **(11 U.S.C. § 523(a)(4))**

13   **(All Plaintiffs as Against the Defendant)**

14           19.    The Plaintiffs incorporate by reference, paragraphs 1-11 and 14 above as if

15   fully set forth herein, including, specifically, the Arbitration Award.

16           20.    During his employment at Tele, the Debtor held the positions of Chief

17   Operating Officer, Chief Financial Offer, later President, and was also a member of the Board of

18   Directors.  The Debtor was also a Manager of Sycamore.  In all those positions, the Debtor

19   further acted in a role of a common law agent towards each of the Plaintiffs.  Further, the Debtor

20   enjoyed an intimate and "deep emotional relationship" with Ms. Coto by late 2001, and they

21   were still intimate in early 2008, in instances where the Debtor was keenly aware of Ms. Coto's

22   dependence on him - a dependence he created, manipulated and exploited.  In such capacities,

23   the Debtor owed a fiduciary duty to the Plaintiffs as defined by 11 U.S.C. § 523(a)(4).

24   Accordingly, the Debtor was under a legal obligation not to fraudulently appropriate the Equity

25   Grants, fabricate his professional history and work record, misdirect client and potential client

26   inquiries away from the Plaintiffs, intentionally produce inaccurate financial and other business

27   documents and hamper the potential sale efforts of Tele, all as described in the Arbitration

28   Award.  Despite the express trust reposed in the Debtor and despite the fiduciary duty owed by

A/73529344.3

1   the Debtor, the Debtor intentionally breached such fiduciary duty through several acts, including,

2   without limitation, fraudulently appropriating the Equity Grants, misdirecting client and potential

3   client inquiries away from the Plaintiffs, intentionally producing inaccurate financial and other

4   business documents and intentionally hampering the potential sale efforts of Tele.

5        21.    As a result of said fraudulent acts in a fiduciary capacity, the Plaintiffs

6   have suffered damages in an amount proved in the Arbitration, including, without limitation,

7   punitive damages and attorneys' fees awards as may be determined and awarded in the

8   Arbitration.  Plaintiffs' additional damages consist of amounts of salary and distributions paid to

9   the Debtor where the Arbitrator found that Debtor was both "grossly overpaid for his purported

10  'labor'" in instances where the Debtor "did not add value to Tele."  Award, p. 17.

11       22.    Based upon the foregoing, the Debtor has engaged in acts recognized as

12  nondischargeable under 11 U.S.C. § 523(a)(4) by the numerous acts described herein taken in

13  violation of his fiduciary duty to the Plaintiffs.

14  **THIRD CLAIM FOR RELIEF**

15  **FOR NONDISCHARGEABILITY OF DEBT - FOR**

16  **WILLFUL AND MALICIOUS INJURY TO THE**

17  **PROPERTY OF ANOTHER**

18  **(11 U.S.C. § 523(a)(6))**

19  **(All Plaintiffs as Against the Defendant)**

20       23.    The Plaintiffs incorporate by reference, paragraphs 1-11 and 14 above as if

21  fully set forth herein, including, specifically, the Arbitration Award.

22       24.    The acts of the Debtor as herein described were without lawful privilege

23  or right and were done with the specific and willful intent to injure the Plaintiffs property

24  through fraudulent acquisition of the Equity Grants, fabrication of the Debtor's professional

25  history and work record, misdirection of client and potential client inquiries away from the

26  Plaintiffs, intentional production of inaccurate financial and other business documents and

27  intentionally hampering the potential sale efforts of Tele, all as described in the Arbitration

28  Award.  The Debtor was aware at all times that his actions were without lawful privilege or right

A/73529344.3

1    as evidenced by the many schemes and artifices he engaged in to conceal his past history and

2    past wrongdoing.

3          25.    As a result of said knowing and willful actions, the Plaintiffs have suffered

4    damages in an amount proved in the Arbitration, including, without limitation, punitive damages

5    and attorneys' fees awards as may be determined and awarded in the Arbitration.  Plaintiffs'

6    additional damages consist of amounts of salary and distributions paid to the Debtor where the

7    Arbitrator found that Debtor was both "grossly overpaid for his purported 'labor'" in instances

8    where the Debtor "did not add value to Tele." Award, p. 17.

9          26.    Based upon the foregoing, the Defendant has engaged in acts recognized

10   as nondischargeable under 11 U.S.C. § 523(a)(6).

11         **WHEREFORE**, the Plaintiffs pray for judgment against the Debtor as follows:

12         1.    For general and special damages in an amount to be determined in the

13               Arbitration, which amount shall be non-dischargeable pursuant to 11

14               U.S.C. §§ 523(a)(2)(A), 523(a)(4) and 523(a)(6);

15         2.    For prejudgment interest according to proof;

16         3.    For costs of suit herein incurred;

17         4.    For interest according to law; and

18         5.    For other and further relief as the Court may deem just and proper.

19   Dated: November 12, 2010              BINGHAM MCCUTCHEN LLP

20

21                                        By: _____

22                                              Michael A. Sherman
                                              Attorneys for Plaintiffs,
23                                        Melanie Coto, Tele-Interpreters On Call, Inc.,
                                              and Sycamore Services, LLC

24

25

26

27

28

---

ADVERSARY COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT

A/73529344.3

FORM B104  (08/07)                                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Melanie Coto, Tele-Interpreters On Call, Inc., and Sycamore Services, LLC | Ricky Wayne Stockon, aka Rick W Stockton and Rick Stockton |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| BINGHAM McCUTCHEN LLP<br>355 South Grand Avenue, Suite 4400<br>Los Angeles, CA 90071-3106        (213) 680-6400 | DONAHOE & YOUNG LLP<br>25152 Springfield Court, Suite 345<br>Valencia, CA  91355        (661) 259-9000 |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor        ☐ Other<br>☐ Trustee | ☑ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor        ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Adversary Complaint to Determine Nondischargeability of Debt [11 U.S.C. Sections 523(a)(2)(A), (a)(4), (a)(6)]

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [1] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [2] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [3] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- [4] 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ not less than $10,000,000.00 |

Other Relief Sought

FORM B104 (08/07), page 2                                          2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR** <br> Ricky Wayne Stockon, aka Rick W Stockton and Rick Stockton | | **BANKRUPTCY CASE NO.** <br> 10-43715-ER |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District of California | **DIVISIONAL OFFICE** <br> Los Angeles | **NAME OF JUDGE** <br> Hon. Ernest M. Robles |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** | | |
| **DATE** <br> 11/12/10 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Michael A. Sherman (SBN 94783) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Bingham McCutchen LLP<br>Michael A. Sherman (SBN 94783)<br>William F. Govier (SBN 262810)<br>Josh Holt (SBN 261468)<br>355 South Grand Avenue, Suite 4400<br>Los Angeles, CA 90071-3106<br>Telephone:  213.680.6400<br>Facsimile:   213.680.6499<br><br>*Attorney for Plaintiff* Melanie Coto, et al. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>RICKY WAYNE STOCKON, aka RICK W STOCKTON and RICK STOCKTON<br><br>Debtor. | CHAPTER   7<br><br>CASE NUMBER  2:10-bk-43715-ER<br><br>ADVERSARY NUMBER |
| Melanie Coto, Tele-Interpreters On Call, Inc., and Sycamore Services, LLC,<br><br>Plaintiff(s),<br><br>vs.<br><br>Ricky Wayne Stockon, aka Rick W Stockton and Rick Stockton,<br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint.  You must also send a copy of your written response to the party shown in the upper left-hand corner of this page.  Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|

☒  **255 East Temple Street, Los Angeles**      ☐  **411 West Fourth Street, Santa Ana**

☐  **21041 Burbank Boulevard, Woodland Hills**    ☐  **1415 State Street, Santa Barbara**

☐  **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference.  Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval.  The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
*Deputy Clerk*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010 (COA-SA)*                                                                                                   **F 7004-1**